# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Mathew L. Williams, | Case No. 2:24-cv-01034-RFB-MDC |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL (ECF NOS. 1-1 and 7) AND MOTION FOR SUBMISSION OF MOTIONS (ECF NO. 11)** |
| Jeremy Bean, et al., | |
| Defendants. | |

Plaintiff, who is incarcerated, filed a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed in forma pauperis. ECF Nos. 1-1, 1. The Court will issue a screening order in due course regarding the plaintiff's proposed complaint and application.

Plaintiff also attached a *Motion for Appointment of Counsel* to his proposed complaint. ECF No. 1-2. Plaintiff also later filed a *Motion for Appointment of Counsel,* as well as a *Motion for Submission of Motions*. ECF Nos. 7 and 11. Since the Court has not yet decided screening, the Court DENIES the Motions for Appointment of Counsel at ECF Nos. 1-2 and 7 as premature and without prejudice. The plaintiff may refile a Motion for Appointment of Counsel after the Court issues its screening order. The Court also DENIES the Motion for Submission of Motions. ECF No. 11.

## DISCUSSION

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well

as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court cannot yet determine if exceptional circumstances apply because the Court has not yet screened plaintiff's complaint. The Court finds that such a request is premature. Once the Court has issued a screening order, and if the Court determines that the case will move forward, the plaintiff may file a new Motion for Appointment of Counsel. If plaintiff decides to refile his Motion for Appointment of Counsel after the Court issues the screening order, he should review the exceptional circumstances standard in this Order. The Court denies this Motion without prejudice as premature.

Plaintiff has filed a Motion for Submission of Motions requesting that his various filings be submitted to the Court for review. ECF No. 11. Such a motion is not necessary. The Court will screen plaintiff's complaint in due course, and the Court has now reviewed his motions in this order. The plaintiff should not file anymore motions until the Court has screened his complaint, absent an emergency. The Motion for Submission of Motions is denied.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

ACCORDINGLY,

IT IS SO ORDERED that:

1. Plaintiff's *Motions for Appointment of Counsel* (ECF Nos. 1-2 and 7) are both DENIED WITHOUT PREJUDICE AS PREMATURE, for the reasons discussed in this Order.

2. Plaintiff's *Motion for Submission of Motions* (ECF No. 11) is DENIED.

3. Plaintiff should not file anymore motions in this case until the Court issues the screening order, absent an unforeseen emergency.

4. Failure to comply with this Order may result in dismissal of this case.

IT IS SO ORDERED.

DATE: March 13, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge